# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4764 | **DATE** | 1/13/2004 |
| **CASE TITLE** | MITCHELL vs. SHIFFERMILLER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendant Shiffermiller's motion to dismiss is granted. This action is dismissed in its entirety.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

George Mitchell,

    Plaintiff,

v.      No. 03 C 4764

Joy Shiffermiller,

    Defendant.

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On July 9, 2003, pro se plaintiff George Mitchell ("Mitchell") filed a one-count complaint against defendant Joy Shiffermiller ("Shiffermiller") alleging legal malpractice. On December 2, 2003, Shiffermiller moved, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss Mitchell's complaint for lack of personal jurisdiction. For the following reasons, Shiffermiller's motion to dismiss is granted.

## BACKGROUND

While living and working in Nebraska, Mitchell claimed that his employer, Union Pacific Railroad ("UPR"), discriminated against him. After filing a complaint with the Nebraska Equal Opportunity Commission on January 7, 1997, Mitchell was discharged from his employment with UPR on January 15, 1997, and moved to Chicago, Illinois. On December 4, 1998, Mitchell, then

1



an Illinois resident, entered into a contingency fee agreement with Shiffermiller, a licensed Nebraska attorney.

After Mitchell received a right to sue letter, on July 29, 1999, Shiffermiller, on behalf of Mitchell, filed an employment discrimination lawsuit against UPR in the United States District Court for the District of Nebraska. During the course of the litigation, Shiffermiller mailed to Mitchell in Illinois copies of court papers related to his litigation against UPR. In addition, on at least eleven occasions, Shiffermiller e-mailed Mitchell in Illinois requesting or providing information. From January 29, 2001, to February 1, 2001, Mitchell's case against UPR was tried to a jury in Nebraska, and Mitchell lost.

After the trial, Shiffermiller sought payment from Mitchell in Illinois for mediation and trial expenses, and Mitchell paid these expenses. Shiffermiller filed a post-trial motion for a new trial, which was denied. Mitchell requested that Shiffermiller file an appeal, but Shiffermiller declined, so Mitchell filed his own appeal with the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit affirmed the trial court, and the United States Supreme Court denied Mitchell's petition for writ of certiorari.

In this court, Mitchell alleges that Shiffermiller's quality of representation was below that of a lawyer with ordinary training and skill in the practice of law and that he was prejudiced by Shiffermiller's inadequate representation. Specifically, Mitchell claims that Shiffermiller did not: bring certain information to the trial court's attention, including that Shiffermiller did not have proper training and that the collective bargaining agreement required the employer to make certain disclosures (Compl. ¶ 2); take depositions or interrogatories of certain witnesses (Compl. ¶ 3); enter transcripts of disciplinary hearings into evidence at trial (Compl. ¶ 3); adequately prepare for trial

(Compl. ¶ 3); request the recording of the voir dire examination (Compl. ¶ 4); present medical evidence to the jury (Compl. ¶ 5); include all possible theories of relief (Compl. ¶ 5); disclose that she sat on the same professional panel as the trial judge (Compl. ¶ 6); introduce necessary evidence at trial (Compl. ¶ 7); accurately assess or compute the amount of Mitchell's damages (Compl. ¶ 7); or present issues on appeal when requested by Mitchell (Compl. ¶ 8). In sum, all of Mitchell's allegations center on Shiffermiller pre-trial, trial, and post-trial conduct in Nebraska.

## ANALYSIS

This court, sitting in Illinois, has personal jurisdiction over Shiffermiller in this diversity action only if an Illinois state court would have jurisdiction over her. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1275 (7th Cir. 1997). Mitchell has the burden of making a prima facie showing of personal jurisdiction. Id. at 1276. In determining whether Mitchell has met this burden, this court must examine three distinct issues: (1) state statutory law, (2) state constitutional law, and (3) federal constitutional law. Id. Mitchell must satisfy each of these, and if any one is lacking, this court does not have personal jurisdiction over Shiffermiller. As the Seventh Circuit has explained, however, "[b]ecause the Illinois [long arm] statute authorizes personal jurisdiction to the constitutional limits, the three inquiries . . . collapse into two constitutional inquiries—one state and one federal." Id. Each will be discussed below.

I.  Illinois Constitution

As the Seventh Circuit has recognized, "Illinois courts have given little guidance as to how state due process protection differs from federal protection in the context of personal jurisdiction." Id. The Illinois Supreme Court has held that "[j]urisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the

3

quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." Rollins v. Ellwood, 141 Ill. 2d 244, 275, 565 N.E.2d 1302, 1316 (1990).

Mitchell, in his response to Shiffermiller's motion to dismiss, does not address this state constitutional limitation on personal jurisdiction. Much of the discussion below, with respect to the United States Constitution, applies here. It seems to this court to be unfair, unjust, and unreasonable to require Shiffermiller, a Nebraska attorney, to defend a legal malpractice action in this court when all of the alleged acts of malpractice took place in Nebraska, while none occurred in Illinois, and Shiffermiller had a few isolated, ancillary communications with Mitchell in Illinois. However, because personal jurisdiction jurisprudence under the Illinois Constitution has not been greatly developed, this court will also address the federal constitutional considerations.

II. United States Constitution

Most clearly, Mitchell fails to make a prima facie showing that this court's exercise of personal jurisdiction over Shiffermiller would not violate the United States Constitution's Fourteenth Amendment Due Process Clause. Under the due process clause, a defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). In specific jurisdiction cases like the one at hand,[1] where this suit must arise out of or relate to Shiffermiller's contacts with Illinois, this court must determine whether the defendant has "'purposefully established minimum contacts within [Illinois]'" and "whether, by traditional standards, those contacts would make personal jurisdiction reasonable and fair under the circumstances." RAR, Inc., 107 F.3d at 1277

---

[1] Mitchell does not contend that this court has general jurisdiction over Shiffermiller.

4

(quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77 (1985)). Thus, this court must analyze: (1) relatedness, (2) purposeful availment, and (3) reasonableness. All three are lacking here.

A.   Relatedness

As the Seventh Circuit has stated, "specific jurisdiction requires that the suit 'arise out of' or 'be related to' [the defendant's] minimum contacts with the forum state. [This court] cannot simply aggregate all of a defendant's contacts with a state–no matter show dissimilar in terms of geography, time, or substance–as evidence of the constitutionally-required minimum contacts." Id. Here, Shiffermiller's only contacts with Illinois consist of an unspecified number of letters and phone calls to Mitchell, at least eleven e-mails to Mitchell, and requests for payments of legal fees and expenses over approximately two-and-a-half years. Even liberally construing Mitchell's pro se complaint, it is clear that his claim in this court for legal malpractice does not arise out of or relate to Shiffermiller's contacts with Illinois. Nowhere does Mitchell allege that any of Shiffermiller's contacts with Illinois constituted legal malpractice or that Shiffermiller did anything wrong in Illinois.

In a similar case, where out-of-state attorneys mailed a letter and phoned a New Hampshire resident recommending that the plaintiff accept a settlement that the plaintiff alleged was too low due to the attorneys' malpractice, the First Circuit found that it would be "illogical to conclude that those isolated recommendations constituted the negligent conduct that caused the Florida injury and thus were in-forum acts sufficient to establish specific personal jurisdiction in New Hampshire." Sawtelle v. Farrell, 70 F.3d 1381, 1390 (1st Cir. 1995). As in Sawtelle, all of Mitchell's allegations of malpractice on the part of Shiffermiller took place in Nebraska, either during the pre-trial, trial, or appellate phases of the Nebraska litigation. Shiffermiller's contacts with Illinois were ancillary

to the allegedly negligent activities which took place entirely in Nebraska. Like in Coté v. Wadel, 796 F.2d 981 (7th Cir. 1986), all of the wrongs of which Mitchell complains occurred in Nebraska, and none of Shiffermiller's contacts with Mitchell in Illinois is alleged to have been unlawful. In addition, as in Coté v. Wadel, "[t]he handful of letters and phone calls that passed between [Mitchell] and [Shiffermiller] is not enough to close the gap." Id. at 984.

The Seventh Circuit, in RAR, Inc., endorsed the First Circuit's position as to the "related to" prong explained in Sawtelle, thereby rejecting the Colorado Supreme Court's expansive view of personal jurisdiction taken in the cases to which Mitchell cites, Keefe v. Kirschenbaum & Kirschenbaum, P.C., 40 P.3d 1267 (Colo. 2002), and Scheuer v. Dist. Court, 684 P.2d 249 (Colo. 1984). RAR, Inc., 107 F.3d at 1278. Like in RAR, Inc. and Sawtelle, Mitchell's suit is related to Shiffermiller's contacts with Illinois in a sense because Shiffermiller never would have handled Mitchell's employment discrimination case in Nebraska had she never entered into an attorney-client relationship with Mitchell, an Illinois resident. However, as the Seventh Circuit made clear in RAR, Inc., using such a loose causal connection between a suit and a defendant's forum contacts as the basis for personal jurisdiction does not comport with fair play and substantial justice. Id. As the court put it, "specific jurisdiction is not appropriate 'merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must *directly arise* out of the specific contacts between the defendant and the forum state.'" Id. (emphasis in original) (quoting Sawtelle, 70 F.3d at 1389).

The bottom line is that Mitchell's claim for legal malpractice did not arise directly out of, nor was it related to, Shiffermiller's ancillary contacts with Illinois. Shiffermiller's limited and sporadic contacts with Mitchell in Illinois have nothing to do with Mitchell's malpractice claim. The fact that

Mitchell lived in Illinois when the fee agreement was signed is insufficient to confer personal jurisdiction over Shiffermiller.

B.   Purposeful Availment

"Crucial to the minimum contacts analysis is showing that the defendant 'should reasonably anticipate being haled into court [in the forum State],' because the defendant has 'purposefully avail[ed] itself of the privilege of conducing activities' there." Id. at 1277 (citations omitted). Mitchell argues that because he was an Illinois resident at the time of the parties' fee agreement Shiffermiller purposefully availed herself to Illinois and should have reasonably anticipated being haled into court here. The contacts between Shiffermiller and Mitchell were limited over a period of more than two years. Although Mitchell lived in Illinois during the course of Shiffermiller's representation of him, everything centered on Nebraska: Mitchell previously lived and worked there; Mitchell was allegedly discriminated against there; Mitchell was fired from an employer there; Shiffermiller worked there; the attorney-client relationship was formed there; the litigation took place there; and any alleged malpractice occurred there. Further, no evidence exists in the record to suggest that Shiffermiller solicited or sought out Mitchell in Illinois. This court finds that it was not foreseeable to Shiffermiller that she would be haled into court in Illinois. As the First Circuit said, "The mere existence of an attorney-client relationship, unaccompanied by other sufficient contacts with the forum, does not confer personal jurisdiction over the non-resident in the forum state; more is required." Sawtelle, 70 F.3d at 1392. Here, as in Sawtelle, Shiffermiller's only connection with Illinois was Mitchell's residence here. The ancillary letters, phone calls, and e-mails are not sufficient.

C.    Reasonableness

Third, in balancing the factors relevant to this case discussed in World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980), Shiffermiller would be burdened to have to appear in this court. She is a licensed Nebraska attorney and does not have any continuing or near permanent relationships with any person or business which requires here to be present in Illinois. (Shiffermiller Aff. ¶¶ 3-4.) Clearly, Mitchell's choice of this forum is entitled to a degree deference, and it would be more convenient for him if his claim was litigated here. However, although Illinois has some interest in adjudicating this dispute, the most efficient resolution of this dispute would occur in Nebraska. While Illinois has an interest in protecting its residents from malpractice, its interest is much less when the malpractice occurs out of state. Nebraska, on the other hand, has significant interests, as the alleged underlying discrimination occurred there, the alleged malpractice took place there, the attorney-client relationship was formed there, and Shiffermiller is licensed to practice law there. Nebraska clearly has a strong public policy interest in regulating its attorneys' conduct. Consequently, this court finds that it is not reasonable to exercise personal jurisdiction over Shiffermiller here in Illinois

III.    Waiver

Mitchell's claim of waiver is without merit. Shiffermiller had no obligation to negotiate a forum selection clause and has a right to defend herself against the claim of legal malpractice which Mitchell has filed.

## CONCLUSION

Because plaintiff Mitchell has failed to make a prima facie showing of this court's personal jurisdiction over Shiffermiller, defendant Shiffermiller's motion to dismiss for lack of personal jurisdiction is granted.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: January 13, 2004